IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUINTIN DROLLINGER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT LARNA,<br><br>　　　　Defendant. | ORDER TO SHOW CAUSE<br><br>Case No. 2:15-cv-00770-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) On October 29, 2015, Plaintiff filed his complaint against Defendant.  (ECF No. 1.) Pursuant to the text of Federal Rule of Civil Procedure 4(m)[1] at the time the complaint was filed, Defendant should have been served a summons and complaint within 120 days after the complaint was filed. To date, more than 120 days have passed since Plaintiff filed his complaint.  However, Plaintiff has not provided the court with proper proof of service on Defendant. *See* Fed. R. Civ. P. 4(*l*)(1). While Plaintiff presented a declaration stating service had been effected, the Clerk's Office noted that it did not issue a summons until after Plaintiff attempted to serve Defendant. Further, the return indicates that Plaintiff himself attempted to serve Defendant, which is not allowed. *See* Fed. R. Civ. P. 4(c)(2). Likewise, the method of service indicated does not appear to be authorized for service on an individual. *See* Fed. R. Civ. P. 4(e).

---

[1] Rule 4(m) currently allows only ninety days for service of a summons and complaint. *See* Fed. R. Civ. P. 4(m).

Given Plaintiff's failure to prove service, the court **ORDERS** Plaintiff to **SHOW CAUSE** why the above captioned case should not be dismissed for failure to prosecute.  Plaintiff must respond to the court in writing within **fifteen (15)** days from the date of this Order to inform the court about the status of the case and his intentions to proceed.

Failure to do so will result in dismissal of the case.

Dated this 12th day of September, 2016.          By the court:

_____
Dustin B. Pead
United States Magistrate Judge